MINOT et al. v. SNAVELY.

(Circuit Court of Appeals, Eighth Circuit. August 21, 1911.)

No. 3,512.

CARRIERS (§ 318*)—ACTION FOR NEGLIGENCE—SUFFICIENCY OF EVIDENCE.

Evidence *held* to sustain a verdict finding that the death of a passenger in an elevator in defendant's building was caused by the negligence of the operator in starting the elevator when deceased was stepping out.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 318.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the Circuit Court of the United States for the Western District of Missouri.

Action at law by Elizabeth R. Snavely against Lawrence Minot and Charles Francis Adams, 2d, as trustees. Judgment for plaintiff, and defendants bring error. Affirmed.

Cyrus Crane (O. W. Pratt and Lathrop, Morrow, Fox & Moore, on the brief), for plaintiffs in error.

M. A. Fyke (James H. Richardson and E. L. Snider, on the brief), for defendant in error.

Before ADAMS and SMITH, Circuit Judges, and REED, District Judge.

ADAMS, Circuit Judge. This was an action by the defendant in error, a widow, to recover damages for the death of her husband, alleged to have been occasioned by the wrongful act or negligence of the defendants. They were the owners of an office building in Kansas City, Mo., in which they operated elevators for the convenience of their tenants and others having business with them. In 1908 plaintiff's husband was descending in one of these elevators, and in attempting to alight therefrom at a certain floor was caught in the doorway and crushed and killed. The particular act of negligence relied on by plaintiff was that while the door of the elevator was open, and while her husband was stepping out, the operator in charge started or permitted the elevator to start suddenly downward, and that the deceased, without fault on his part, was caught and crushed.

The plaintiff produced evidence tending to sustain the issue tendered by her, and the defendants produced evidence tending to show that the deceased attempted to push back the door after it had been nearly closed by the operator, and undertook to leave the car while it was in motion. At the close of all the evidence the defendants' counsel requested the court to instruct the jury to find a verdict in behalf of the defendants. This request was denied, and the jury found a verdict for the plaintiff. The only assignment of error is that the trial court erred in not giving the instruction requested.

It is not denied that there was evidence of at least one witness tending to establish the contention of the plaintiff; but we are asked to critically dissect this testimony and compare it with that given by others, and as a result to say that it was incredible. This we cannot do. Such is the peculiar province of a jury. By reason, however, of the earnest contention of defendants' counsel, we have made a patient and careful examination of all the evidence in the case, with a view of ascertaining whether there was either any substantial evidence of negligence on the part of the defendants' agent in charge of the elevator or whether there was conclusive evidence of contributory negligence on the part of the plaintiff's husband. No good can come in attempting an analysis of this testimony. Suffice it to say we have reached the conclusion that the testimony of all the witnesses, the physical facts of the case, and the inferences fairly deducible therefrom reasonably warranted the verdict as rendered.

There was neither such conclusive evidence of proper care by defendants nor such conclusive evidence of want of proper care by the deceased as warranted the withdrawal of the case from the jury.

The judgment is affirmed.